IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SANDRA W. BROWN,
        Plaintiff,

v.                                                               Civil Action No. 3:16-cv-00053-JAG

CITY OF RICHMOND SCHOOL BOARD,
        Defendant.

## OPINION

The City of Richmond School Board, doing business as Richmond Public Schools ("RPS"), fired Sandra W. Brown for being absent from work without permission. Indeed, at the time RPS sent Brown her initial termination letter, Brown had not shown up to work for over two months. According to Brown, this reason was pretext for age discrimination. Brown has sued RPS for violating the Age Discrimination in Employment Act (the "ADEA"). RPS has moved for summary judgment. Because RPS fired Brown for a valid, non-discriminatory reason, the Court will grant RPS's motion.

## I. BACKGROUND

Brown worked for RPS as an office associate at Thomas Jefferson High School. During her time with RPS, Brown applied for other types of positions, but RPS did not hire her for these positions. Brown also requested transfers to different schools, but RPS denied these requests.

Beginning in February 2013, Brown began requesting and taking leave for various reasons. RPS worked with Brown on these leave requests and provided her with information about the leave policy. From March to June 2013, Brown took leave to care for her husband. In June 2013, she worked for a week and a half until the end of the school year. Brown did not return to work as scheduled in August 2013. After prompting from the human resources

department, Brown submitted a doctor's note. RPS granted Brown leave with pay until October 2013. Brown did not return to work as scheduled in October 2013. After prompting and a denied leave request, Brown asked RPS to take her off the payroll. In June 2014, Brown submitted a doctor's note that released her to work on the last day of the school year. RPS told her to report to work in August 2014. In August 2014, Brown did not return to work as scheduled. After prompting, Brown submitted a doctor's note that said she could return to work in late September 2014. The day before her scheduled return, Brown told RPS that she would not return to work.

On December 19, 2014, RPS sent Brown a letter informing her that the superintendent would recommend her termination to the School Board in January 2015 for absence without leave. The letter detailed how RPS had attempted to work with Brown regarding her leave, and how RPS "met with and counseled" Brown several times about the matter.

Brown requested an administrative hearing. The hearing officer determined that termination was warranted because Brown had abandoned her position with RPS. On April 13, 2015, the School Board voted to terminate Brown. At the time of the decision, Brown was sixty-two years old.

## II. DISCUSSION[1]

Brown has sued RPS for age discrimination in violation of the Age Discrimination in Employment Act (the "ADEA"). She claims that RPS discriminated against her because of her age when it fired her.[2]

The ADEA prohibits employers from discriminating against employees because of age. 29 U.S.C. § 623. To succeed on an age discrimination claim, the plaintiff must demonstrate that the employer took adverse action against the plaintiff because of her age.[3] *Id.*; *Dockins v. Benchmark Commc'ns*, 176 F.3d 745, 747 (4th Cir. 1999) (citing *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983)). An employer who takes adverse action for

---

[1] The School Board moves for summary judgment. Rule 56 of the Federal Rules of Civil Procedure directs courts to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a summary judgment motion, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nevertheless, if the non-moving party fails to sufficiently establish the existence of an essential element to its claim on which it bears the ultimate burden of proof, the court should enter summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[2] In her amended complaint, Brown also asserted that RPS discriminated against her (1) when it did not hire her for other positions and (2) when it refused her transfer requests. In its motion for summary judgment, RPS represented that Brown has admitted that she failed to exhaust her administrative remedies on those claims. Brown does not contest this in her opposition. Accordingly, the Court grants summary judgment on these claims.

[3] The parties focus in on whether Brown has made a prima facie case of discrimination under the *McDonnell Douglas* burden-shifting scheme. Under this scheme, if the plaintiff presents a prima facie case of discrimination, then the burden shifts to the defendant to articulate a valid, non-discriminatory reason for termination. *Adams v. Trustees of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). If the defendant does so, the burden shifts back to the plaintiff to prove that the articulated reason was pretext for discrimination. *Id.* at 558–59. The Court need not delve into the first step of the scheme because, even assuming Brown could show a prima facie case of discrimination, she cannot meet her ultimate burden of proving that RPS fired her because of her age. *See Dockins v. Benchmark Commc'ns*, 176 F.3d 745, 747 (4th Cir. 1999). If the Court did evaluate this first step, however, Brown would struggle to meet the third prong of the test for a prima facie case—that she was performing her job duties at a level that met her employer's legitimate expectations—because she was not performing her job duties at all after September 2014.

3

legitimate, non-discriminatory reasons, such as performance issues, does not violate the ADEA, regardless of the employee's age. *Id.* at 750.

In this case, RPS fired Brown because she stopped showing up for work. Brown does not dispute that she stopped showing up for work. This is a valid, non-discriminatory reason for firing an employee.

Brown argues that the reason given for her termination—absence without leave—was pretext for discrimination because the letter used the word "counseling," and Brown never received any formal counseling. Brown stretches the language of this letter past its breaking point. The termination letter said that RPS tried to work with Brown about her leave status and "met with and counseled with" Brown several times about it. The evidence shows that RPS did work with Brown on her leave status, typically prompted by Brown not showing up for work, and that RPS counseled (i.e., assisted, advised, guided) Brown about its leave policy. Regardless, RPS did not fire Brown because of these "counseling" sessions; as the termination letter said, RPS fired Brown because she stopped coming to work. Accordingly, because RPS terminated Brown for a valid, non-discriminatory reason, the Court grants RPS's motion for summary judgment.

## III. CONCLUSION

For the reasons stated, the Court will grant RPS's motion for summary judgment.

The Court will issue an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: May 4, 2017
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

4